IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MR. JEFFREY PRATT,<br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>CO EDWARDS; CO. BUFORD; CO MCCLOUSKY; CO DURANT; DEPUTY BRANFORD; SGT. SEPILYAK; COUNSELOR HORTON; CO GIER; CO BOWSER; MAJOR ESTOCK; MICHELLE HOWARD DIGGS,<br>　　　　　　　　Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 12-669 <br> ) <br> ) Judge Joy Flowers Conti/ <br> ) Magistrate Judge Maureen P. Kelly <br> ) <br> ) <br> ) <br> ) <br> ) |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this case be dismissed with prejudice for failure to comply with the Court's Order to Show Cause entered on September 21, 2012. ECF No. 3.

**II. REPORT**

At the time Jeffrey Pratt ("Plaintiff") initiated this suit, he was incarcerated in the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh"). Plaintiff, proceeding *pro se*, named eleven prison officials as Defendants. He complained of receiving contaminated food and about the confiscation of evidence that supported his claim that he was served contaminated food. See, e.g., ECF No. 1 at 2. Plaintiff did not pay the filing fee nor did he file a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"). On August 30, 2012, this Court ordered Plaintiff to rectify this deficiency and either pay the filing fee or file an IFP Motion. ECF No. 2. Plaintiff

was given until September 13, 2012, to rectify this deficiency. Plaintiff failed to do so. Accordingly, on September 21, 2012, this Court issued an Order to Show Cause why this case should not be dismissed due to his failure to comply with the order dated August 30, 2012. Plaintiff was directed to file a response to the Order to Show Cause by October 5, 2012. Plaintiff never filed a response nor did he seek an extension of time in which to do so.

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of

---

[1] See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of Appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint. *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988). Instead, the decision must be made in the context of the district court's extended contact with the litigant." Id.

This Court now applies the six Poulis factors to the matter at issue.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the orders set forth above. The responsibility for his failure to respond to the orders in question is Plaintiff's alone.

(2) Prejudice to the adversary.

There is no indication that Defendants have been prejudiced by Plaintiff's failures.

(3) A history of dilatoriness.

Plaintiff has twice failed to obey court orders including: 1) the August 30, 2012 deficiency Order; and 2) the September 21, 2012 Order to Show Cause. Plaintiff's repeated failures to respond to this Court's orders is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," Poulis, *supra*.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and has not responded to the Court's orders. It is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply.

(6) Meritoriousness of Plaintiff's case.

It is difficult to assess the meritoriousness of Plaintiff's claims at this early stage but absent the ability to formally file the Complaint, which cannot be accomplished without payment of the filing fee or the grant of an IFP motion, which requires Plaintiff's compliance with the prior orders of court, even a meritorious claim cannot proceed.

In light of the foregoing, and especially given this Court's extended contact with Plaintiff, we find that the Poulis factors weigh in favor of dismissal. Consequently, this Court recommends that Plaintiff's case be dismissed with prejudice for Plaintiff's repeated failings to comply with the orders of this Court.

**III. CONCLUSION**

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's case be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing

objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.


Date:  October 25, 2012                                      s/Maureen P. Kelly
                                                                               MAUREEN P. KELLY
                                                                               UNITED STATES MAGISTRATE JUDGE

cc:     Joy Flowers Conti
         United States District Judge


         JEFFREY PRATT
         BC-8580
         SCI Pittsburgh
         Post Office Box 99991
         Pittsburgh, PA 15233