# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MR. JEFFREY PRATT,<br>         Plaintiff,<br><br>   vs.<br><br>CO EDWARDS; CO. BUFORD; CO MCCLOUSKY; CO DURANT; DEPUTY BRANFORD; SGT. SEPILYAK; COUNSELOR HORTON; CO GIER; CO BOWSER; MAJOR ESTOCK; MICHELLE HOWARD DIGGS,<br>         Defendants. | Civil Action No. 12-669<br><br>Judge Joy Flowers Conti/<br>Magistrate Judge Maureen P. Kelly |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that pursuant to the Prison Litigation Reform Act, this case be dismissed as malicious.

### II. REPORT

At the time Jeffrey Pratt ("Plaintiff") initiated this suit, he was incarcerated in the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh"). Plaintiff, proceeding *pro se*, named eleven state prison officials/employees as Defendants. He complained of receiving contaminated food and about the confiscation of evidence that supported his claim that he was served contaminated food. See, e.g., ECF No. 1 at 2. Plaintiff has been granted in forma pauperis status. ECF No. 21. After some preliminary proceedings, the Court issued several orders to Plaintiff during the month of December, 2012, sending them in envelopes to Plaintiff at his address of record. The envelopes were clearly marked with the return address of this Court.

ECF Nos. 20, 21 and 23. These three orders were all returned with a notation on the envelopes that Plaintiff refused to accept this mail. ECF No. 25.

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status and/or because Plaintiff sues a government employee, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915A, ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). See also 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Plaintiff's conduct in this case, *i.e.*, his initiation of this suit and then his repeated refusals to accept orders and correspondence from this Court, is a clear abuse of the judicial process, and, as such, renders this case "malicious" within the contemplation of the PLRA. See, e.g., Abdul-Akbar v. Department of Corrections, 910 F.Supp. 986, 999 (D. Del. 1995)("a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process . . . ."), aff'd, 111 F.3d 125 (3d Cir. 1997)(Table); Johnson v. Edlow, 37 F.Supp.2d 775, 776 (E.D. Va. 1999)("A

complaint abusive of the judicial process is malicious within the meaning of Section 1915.").

What was stated by one court is equally applicable here:

> ". . . (N)o one, rich or poor, is entitled to abuse the judicial process." *Hardwick v. Brinson*, 523 F.2d 798, 800 (8th Cir. 1975). But petitioner apparently has an insatiable desire to try. This Court will not countenance such flagrant abuses. As the Camper court concluded:
>
>> (U)nless the Courts of this Nation are to be deemed to be powerless to stop such a flagrant abuse of the judicial process, one man will be able to preempt so much judicial time at the trial and appellate levels as to thwart the very ability of the judicial system to carry out its necessary judicial function of properly processing its criminal and civil dockets of cases filed by other litigants who may have meritorious matters.

Green v. Wilson, 517 F.Supp. 332, 336 (D. Ky. 1981). As a result of Plaintiff's vexatious conduct in the instant case, we recommend dismissal of the suit as malicious.

## III. CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Plaintiff's case be dismissed as malicious.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

    Respectfully submitted,

Date: March 6, 2013    *s/Maureen P. Kelly*

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Joy Flowers Conti
United States District Judge

JEFFREY PRATT
BC-8580
SCI Smithfield
1120 Pike Street
Huntingdon, PA 16652